IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RBC BANK (USA), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:11-cv-00621-CG-B |
| | ) | |
| WALTER K. HOLLIDAY and | ) | |
| REBECCA S. HOLLIDAY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the court on the motion for summary judgment of the plaintiff, PNC Bank, N.A. ("PNC"), which is the successor to RBC Bank (USA) ("RBC"), which is the assignee of Regions Bank, which itself is the successor-by-merger to AmSouth Bank ("AmSouth") (collectively, the "Plaintiff").  (Doc. 15).  For the reasons stated below, the Plaintiff's motion is **GRANTED**.

## FACTUAL BACKGROUND

On May 1, 2006, the defendants, Walter and Rebecca Holliday (the "Hollidays" or the "defendants") opened a $200,000 line of credit with AmSouth by signing a "Credit Agreement and Disclosure" (the "Credit Agreement").  (Doc. 15 at 2-3).  Among other provisions, the Credit Agreement stated that, in the event of a default, the Plaintiff would be entitled to recover all attorney's fees, legal expenses, and court costs subject to any legal limits.  (Doc. 1 at 3, ¶ 11).

1

On November 3, 2011, RBC filed suit against the Hollidays for breach of contract, alleging that it owned the indebtedness covered by the Credit Agreement because AmSouth's successor-by-merger, Regions Bank, had assigned the Credit Agreement to RBC.  (Doc. 1 at 3).  RBC further alleged that the Hollidays defaulted under the terms of the Credit Agreement by failing to make payment when due, and alleged that the outstanding amount of principal was $138,205.67.  Id. at 3-4.

The Hollidays filed an answer on November 22, 2011, in which they denied that they had received sufficient notice and denied the amount due as stated in RBC's complaint.  (Doc. 7 at 2).  Subsequently, however, the Hollidays admitted in their written interrogatories that (1) AmSouth advanced funds to them under the Credit Agreement; (2) that they made at least one or more payments to AmSouth pursuant the Credit Agreement; (3) that they subsequently failed to make payment when due under the Credit Agreement; (4) that they have not paid all amounts owing under the Credit Agreement; (5) that the Plaintiff has made a demand upon them for payment of their outstanding balance; and (6) that the total due to the Plaintiff under the Credit Agreement is $138,205.67.  (Doc. 15, p. 34).

The Plaintiff later filed its motion for summary judgment, asserting that PNC is the successor to RBC and asserting further there is no genuine dispute of material fact in the case.  See Doc. 15.  Attached to the Plaintiff's motion was the sworn affidavit of Plaintiff's counsel, Brent W. Dorner, an attorney in the Mobile law firm of Burr & Forman LLP.  Id. at 43-50.  Dorner's affidavit recited the applicable billing rates and the number of hours billed to the Plaintiff by each

person working on this matter, and provided a brief explanation of each person's legal experience.  Dorner represented to the court that the Plaintiff's attorney's fees and expenses amount to $7,813.70.  Id. at 49.

In their response to the Plaintiff's motion, the Hollidays state that they "have concluded the Plaintiffs have presented a *prima facie* case of breach of contract to which the Defendants can present no viable legal defense … [t]hrough the discovery process Plaintiffs have presented the Defendants with clear and convincing evidence that the notice provisions contained in the contract [i.e., the Credit Agreement] were properly followed and the amounts stated in the Complaint are accurate."  (Doc. 17 at 1).

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted: "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."   The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Company, 32 F.3d 520, 524 (11th Cir. 1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).  Otherwise stated, the non-

movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  The non-moving party "may not rest on the mere allegations or denials of the [non-moving] party's pleading, but .... must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e)  "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 at 587 (1986) (internal quotation and citation omitted).

## CONCLUSION

The defendants having conceded the Plaintiff's summary judgment motion, see Doc. 17 at 2 ("Plaintiff's Motion for Summary Judgment is due to be granted"), the court, after review of the pleadings, finds that it is due to be, and hereby is, **GRANTED**.

**DONE** and **ORDERED** this 17th day of July 2012.

/s/  Callie V. S. Granade  
UNITED STATES DISTRICT JUDGE

4